**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ROLAND DWAYNE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:07-CV-52 TS |
| vs. | ) | |
| | ) | |
| KENT FARTHING and KAREN POLING, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Roland Dwayne Lewis, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983 against Kent Farthing, the Sheriff of Huntington County, and Karen Poling, who he identified as the Huntington County Jail's Director of the Sex Offender Registry. On March 28, 2007, the Court granted the Plaintiff leave to proceed in forma pauperis.

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled

> to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

According to his Complaint, Mr. Lewis was convicted of a sex offense in 1992. In 1996 he was confined in the Huntington County Jail awaiting trial for failing to register as a sex offender. He was ultimately convicted and sentenced to the Indiana Department of Correction. The Plaintiff alleges that the Huntington County Jail Defendants illegally and vindictively manipulated his criminal information on the internet. Specifically, Mr. Lewis contends that on certain sex offender websites, which contained his name and picture, the Defendants listed crimes that Mr. Lewis was never convicted of. In addition, the websites indicate that Mr. Lewis was required to register as a sex offender for life. He asserts that this information was manipulated and disseminated to the Indiana Criminal Justice Institution and the Indiana Department of Correction to slander and embarrass him, and that he only had a ten-year duty to register.

Although Mr. Lewis refers to the sex offender registry and how the Defendants falsely assert that he must register as a sex offender for life, Mr. Lewis has not requested that the Court examine the legitimacy of the determination that he must register for life. Even if Mr. Lewis had requested the Court to do so, the Court cannot grant this requested relief in a civil rights complaint. The only action Mr. Lewis requests that the Court take is to award him monetary damages for the Defendants' wrongful publication and dissemination of purportedly false information on the websites. However, libel and defamation are not actionable under 42 U.S.C. § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor

2

'property' guaranteed against state deprivation without due process of law."). *See also Batagiannis v. W. Lafayette Comty. Sch. Corp.*, 454 F.3d 738, 742 (7th Cir. 2006) (stating that there is no constitutional right to be free of defamation). Here, because libel is not actionable in a §1983 case, and because Mr. Lewis has not asserted any other claims, this case must be dismissed for failure to state a claim upon which relief can be granted.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on April 17, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT